IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANNY F. LANE, | ) CASE NO. 8:11CV241 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM |
| | ) AND ORDER |
| NASH FINCH COMPANY, | ) |
| Defendant. | ) |

This matter is before the Court on the Motion to Dismiss for Improper Venue, or in the alternative, to Transfer Venue to the United States District Court for the District of Minnesota (Filing No. 6) filed by Defendant Nash Finch Co. ("Nash Finch"). For the reasons discussed below, the Motion to Dismiss will be denied, but the Alternative Motion to Transfer will be granted.

## BACKGROUND

Plaintiff Danny F. Lane ("Lane") is a Nebraska resident. (Filing No. 1-2, Compl. ¶ 1.) Nash Finch Company ("Nash Finch") is a Delaware Corporation that does business in Nebraska, but has its principal place of business in Minneapolis, Minnesota. (*Id.* at ¶ 2.) Nash Finch employed Lane as an executive in the food distribution industry for sixteen years. (*Id.* at ¶ 3.) Lane was terminated on or about June 8, 2011, and is now unemployed. (*Id.* at ¶ 6.) During his employment with Nash Finch, Lane participated in certain incentive compensation plans, including the "NFC Executive Incentive Program, the Nash-Finch Company Long-Term Incentive Program, the Nash-Finch Company Incentive Award Plan, and the Nash-Finch Company Performance Incentive Plan." (*Id.* at ¶ 3.)

Each plan contains provisions that attempt to prohibit the plan participant's competition with Nash Finch or its subsidiaries. These provisions state that the participant

forfeits the benefits under the plans and may need to reimburse Nash Finch for benefits previously received if the participant materially breaches a provision of the non-competition provisions in the plans, even if the breach occurs after termination of employment. (Filing No. 1-2, at ¶¶ 4, 5.)

Only the 2010 Long-Term Incentive Program ("LTIP") has a specific choice of law provision. (Filing No. 1-1, ex. 1 ¶ 10.2.) That provision states "[t]his LTIP description and all rights and obligations hereunder shall be . . . governed by the laws of the State of Minnesota, without regard to its conflicts of laws provisions. Any legal proceeding related to . . . this LTIP will be brought in an appropriate Minnesota court, and the parties hereto consent to the exclusive jurisdiction of the court for this purpose." (*Id.*) All of the other incentive programs simply provide for an action to be brought in "a court of competent jurisdiction." (Filing No. 8-2, ex. 2, at 15; *Id.*, ex. 3, at 27.)

Lane filed this action on June 27, 2011, in the District Court for Douglas County, Nebraska. (Filing No. 1-2.) Lane asserts that the non-competition provisions are not reasonably necessary to protect any of Nash Finch's legitimate business interests while also being unduly harsh and oppressive to Lane. (*Id.* at ¶ 8.) Specifically, Lane asserts that by listing named competitors that Lane is prohibited from working for, the non-competition provisions effectively eliminate Lane's ability to continuing working as an executive in the food distribution industry. (*Id.* at ¶ 6.) Lane also contends that he will suffer irreparable harm and injury unless Nash Finch is prohibited from enforcing the non-competition and forfeiture/reimbursement provisions of the incentive plans. (*Id.* at ¶ 10.) As a result, Lane is seeking temporary and permanent injunctions prohibiting Nash Finch from attempting to enforce the non-competition or forfeiture/reimbursement provisions, a

declaration that the non-competition provisions are void and unenforceable, a declaration that the forfeiture/reimbursement provisions are void and unenforceable, compensation for any damages he may have sustained resulting from Nash Finch's attempts to enforce those provisions, and court costs.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Nash Finch removed this case to the United States District Court for the District of Nebraska, on July 7, 2011. (Filing No. 1, Notice of Removal.)  Nash Finch then filed this Motion on July 15, 2011, claiming that venue is improper.  (Filing No. 6.)  Alternatively, Nash Finch asks the Court to transfer the case to the United States District Court for the District of Minnesota.

## DISCUSSION

### I. Motion to Dismiss under Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) permits a party to raise the defense of "improper venue" by motion.  When jurisdiction is based solely on diversity of citizenship, 28 U.S.C. § 1391(a) governs the question of proper venue.  However, 28 U.S.C. § 1441 governs the question of proper venue if a case has been removed to federal court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Section 1441 states "the district court of the United States for the district and division embracing the place where such action is pending" is the proper venue for a removed action. *See also Polizzi*, 345 U.S. at 666.

In *Rainforest Café, Inc. v. ElecCo LLC*, 340 F.3d 544 (8th Cir. 2003), the Eighth Circuit recognized "that there is some controversy," and "the question appears to be open in this circuit," regarding the issue of "whether Rule 12(b)(3) . . . is the proper vehicle for

3

bringing a motion to dismiss . . . when the issue turns on a forum selection clause in the parties' underlying contract." *Id.* at 546 n.5 (citing *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 534-36 (6th Cir. 2002)).[1] In *Rainforest Café,* the Eighth Circuit did not address the issue, however, because the defendant brought its motion to dismiss under both Rule 12(b)(3) and 12(b)(6). *Id.* Although the circuits are split on the issue, *see Kerobo*, 285 F.3d at 534-35, the United States Supreme Court in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), suggested that if venue is proper under a federal venue statute, a forum selection clause can not render venue improper. 14D Charles Alan Wright et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3803.1 (3d ed. 2011).

In *Stewart*, the Supreme Court held that 28 U.S.C. § 1404(a) controlled the effect to be given to the parties' forum selection clause. *Stewart*, 487 U.S. at 29. When the Supreme Court has compared 28 U.S.C. § 1404(a) to 28 U.S.C. § 1406(a), it has stated "[§] 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, [§] 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 633 (1964); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case"); 14D Charles Alan Wright et al., Federal Practice

---

[1] The Court also notes that although some district courts have found that the Eighth Circuit in *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753 (8th Cir. 2001), implicitly addressed the issue of whether a forum selection clause can deprive a court of venue, *see Stacks v. Bluejay Holdings, LLC*, No. 4:10CV00718 JLH, 2010 WL 3893990, at *2 n.2 (E.D. Ark. Sept. 29, 2010); *CCI of Arkansas, Inc. v. Baggette Constr., Inc.*, No. 4:09CV00513 JLH, 2009 WL 3010986, at *3 (E.D. Ark. Sept. 17, 2009), the Eighth Circuit decided *Rainforest* subsequent to *Marano*, and the court in *Rainforest* stated that "the question appears to be open in this circuit." *Rainforest*, 340 F.3d at 546 n.5.

4

and Procedure: Jurisdiction and Related Matters § 3827 (providing that § 1404(a) is "the statute that allows transfer from one court of proper venue to another"). Thus, by holding that § 1404(a), and not § 1406(a), controlled the effect to be given to the parties' forum selection clause, the Supreme Court in *Stewart* implicitly concluded that a forum selection clause does not render venue improper when venue is otherwise proper under a federal venue statute. The Supreme Court in *Stewart* "footnoted with apparent approval the parties' agreement that the district court had properly denied the motion to dismiss for improper venue because the case had been filed in the venue prescribed by 28 U.S.C. § 1391, the statute governing venue for cases filed directly in federal court." *Kerobo*, 285 F.3d at 536 (citing *Stewart*, 487 U.S. at 28 n.8).

Since this action was removed from state to federal court, § 1441 governs whether venue is proper. *See Polizzi*, 345 U.S. at 665. Lane filed this action in the District Court for Douglas County, Nebraska. Since the United States District Court for the District of Nebraska is "the district court of the United States for the district and division embracing the place where" the action was filed, 28 U.S.C. § 1441, venue is proper in this Court. The parties' forum selection clause does not render venue improper. Therefore, Nash Finch's Motion to Dismiss under Rule 12(b)(3) is denied.

## II. Transfer under 28 U.S.C. § 1404

Where jurisdiction and venue are proper, transfer of venue is governed by 28 U.S.C. § 1404. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of showing why a

5

change of forum is warranted. *Stinnett v. Third Nat'l Bank of Hampden Cnty.*, 443 F. Supp. 1014, 1017 (D. Minn. 1978).

Although courts consider several factors when balancing the "convenience of the parties and witnesses" and determining whether "the interests of justice" support transfer of venue, the Court's analysis is not limited to these factors, and the Court may consider other factors relevant to the particular circumstances of the case at hand. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691, 696 (8th Cir. 1997). One factor particularly relevant in this case is the forum selection clause in the LTIP. "[C]ourts have determined that a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" *Id.* at 691 (citing *Stewart*, 487 U.S. at 29). In fact, the parties here limit their arguments regarding the Alternative Motion to Transfer to the validity of the forum selection clause in the LTIP, and its applicability to Lane's claims.

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.1 (1972), identifies four factors to consider when a court decides whether to enforce a forum selection clause. These four factors include whether: (1) "the forum selection clause covers the claim presented"; (2) "the clause is mandatory or permissive"; (3) "it is the result of fraud or overreaching"; and (4) the clause "is invalid for some other reason." *Thrasher v. Grip-Tite Mfg., Co.*, No. *:07CV400, 2007 WL 4180716, at *2 (D. Neb. Nov. 21, 2007). "Where . . . the forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (quoting *M/S Bremen*, 407 U.S. at 17).

Lane asserts that the forum selection clause at issue does not cover the claim presented in this case because only the LTIP contains a forum selection clause calling for related suits to be brought in a Minnesota court. Lane does not contend the forum selection clause does not cover the LTIP, but asserts the non-competition agreement in the LTIP is invalid because Lane did not receive any consideration for it being added to the LTIP. The Court finds, however, that the Motion to Dismiss and Alternative Motion to Transfer should be considered before the merits of the case and, therefore, does not consider the validity of the non-competition agreement at this time. *See State ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (approving district court's decision to transfer case before ruling on merits of motion for preliminary injunction). Lane also admits that the forum selection clause in the LTIP includes language implying that application of the clause is mandatory, and Lane does not claim that the forum selection clause was obtained by fraud or overreaching.

Finally, Lane asserts that transferring this case to a court in Minnesota will result in an outcome that is contrary to Nebraska public policy. Lane argues that, if transferred to a Minnesota court, the court will enforce the choice of law provision and will enforce the non-competition either in full or in part.[2] This Court finds that enforcement of the forum selection clause will not necessarily lead to contravention of Nebraska public policy. While it is possible that the non-competition agreement will "be enforced in whole or in part, that

---

[2] Minnesota courts enforce restrictive covenants "to the extent reasonably necessary to protect a legitimate business interest." *Webb Publ'g Co. v. Fosshage*, 426 N.W.2d 445, 450 (Minn. Ct. App. 1988) (citing *Bennet Storz Broad. Co.*, 134 N.W.2d 892, 899-900 (Minn. 1965)). In contrast, Nebraska "jurisprudence . . . reflects a consistent refusal to strike or alter the language of an integrated covenant not to compete in order to make it enforceable." *H & R Block Tax Servs., Inc. v. Circle A Enters., Inc.*, 693 N.W.2d 548, 553 (Neb. 2005).

result is not preordained, and that result would only follow, if it does follow, . . . after a conflicts of laws analysis has been conducted with consideration to the facts and the states' (potentially) competing interests." *Thrasher v. Grip-Tite Mfg., Co.*, No. 8:07CV400, 2007 WL 4180716, at *4 (D. Neb. Nov. 21, 2007).

When a case is transferred pursuant to 28 U.S.C. § 1404(a), "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under [§] 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Van Dusen*, 376 U.S. at 638. Thus, if this Court were to transfer this case pursuant to § 1404(a), the transferee Minnesota court would be obligated to follow the same Restatement (Second) of Conflict of Laws rules as would this Court when deciding whether to enforce the choice of law provision. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 244 n.8 (1981) ("Under *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), a court ordinarily must apply the choice-of-law rules of the State in which it sits"); *DCS Sanitation Mgmt., Inc. v. Castillo*, 435 F.3d 892, 895 (8th Cir. 2006) ("In deciding choice-of-law questions, Nebraska follows the Restatement (Second) of Conflict of Laws"). As a result, the federal district court, whether for the District of Nebraska or for the District of Minnesota, will consider the Restatement (Second) of Conflict of Laws § 187[3] when deciding the conflicts of law issue that this case

---

[3]The Restatement (Second) of Conflict of Laws § 187 provides:

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

8

presents. This Court is confident the federal district court in Minnesota would apply the Restatement (Second) of Conflicts of Laws to determine if it should enforce the choice of law provision, or if doing so would be contrary to the state that has the materially greater interest, potentially Nebraska.[4] The forum selection clause in the LTIP is valid and applicable to Lane's claim relating to the LTIP, and Lane's claim relating to the LTIP should be transferred to the United States District Court for the District of Minnesota.

Although the other incentive programs may not contain forum selection clauses mandating that claims be brought in a Minnesota court, a factor courts traditionally have considered in determining whether, under 28 U.S.C. § 1404(a), "the interests of justice"

---

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

[4] Even if the transferee court were to apply Minnesota's conflicts of laws rules and not the Restatement (Second) of Conflicts of Laws, it is still not preordained that Minnesota's choice of laws rules would require the Minnesota court to enforce the choice of law provision and the non-competition agreement, either in full or in part. "Minnesota's approach to choice of law is based on the five 'choice-influencing considerations' proposed by Professor Robert Leflar: [1] predictability of results, [2] maintenance of interstate and international order, [3] simplification of the judicial task, [4] advancement of the forum's governmental interests, and [5] application of the better rule of law." *SCM Corp. v. Deltak Corp.*, 702 F. Supp. 1428, 1430 (D. Minn. 1988) (citing *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408, 412 (1973)). The purpose of the "maintenance of interstate and international order" factor is to "maintain a coherent legal system in which the courts of different states strive to sustain, rather than subvert, each other's interests in areas where their own interests are less strong." *Jepson v. Gen. Gas Co. of Wisconsin*, 513 N.W.2d 467, 471 (Minn. 1994). Additionally, under the "advancement of the forum's governmental interests" factor, application of Nebraska law may further Minnesota's interests. *See SCM Corp*, 702 F. Supp. at 1431-32 ("in some cases, the choice of another forum's law has been found to better advance Minnesota's interest"). Finally, the "application of the better rule of law" factor allows the court to "choose what [it] considers to be the better of two rules." *Id.* at 1432. As a result, even if it employed the five "choice-influencing considerations" and not § 187, this Court is confident a Minnesota court would determine whether or not it should enforce any part of the non-competition agreement only after a conflicts of laws analysis taking, into consideration the facts and states's potentially competing interests.

9

weigh in favor of transfer is "judicial economy." *Terra*, 119 F.3d at 696. Because the LTIP contains a valid forum selection clause applicable to claims relating to the LTIP, and Lane's claims relating to the LTIP and the other incentive programs will likely require the resolution of the same or similar factual and legal issues, the Court finds that judicial economy will be better served if all Lane's claims are transferred to the District of Minnesota. Otherwise, two cases involving the same or similar issues would be "simultaneously pending in different District Courts lead[ing] to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 25 (1960). For that reason, the Court concludes that this matter should be transferred in its entirety to the United States District Court for the District of Minnesota. Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Preliminary Injunction (Filing No. 10) remains pending for determination;

2. Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer (Filing No. 6) is granted in part, as follows:

    The Motion to Transfer is granted, and the Motion to Dismiss is denied;

3. All other pending motions are denied as moot; and

4. The case will be transferred to the United States District Court for the District of Minnesota.

DATED this 26th day of September, 2011.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              United States District Judge